**John E. Gutbezahl, OSB No. 940845**
gutbezahl@me.com
JOHN E. GUTBEZAHL, LLC
5 Centerpointe Drive
Suite 400
Lake Oswego Oregon 97035
Telephone: 503.594.1919
Facsimile: 503.376.8145

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MICHELLE BOLDEN,** as legal guardian for **WILLIAM DERBY,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**COLUMBIA COUNTY,** a public entity doing business in the State of Oregon, **CORRECT CARE SOLUTIONS, LLC,** an Oregon limited liability corporation, **JEFF DICKERSON,** in his official capacity, **VIVEK SHAH, MD,** in his official capacity, **JULIE WEIGAND,** in her official capacity, and **TERRY KALLIO,** in her official capacity, **COLUMBIA COMMUNITY MENTAL HEALTH,** an Oregon Non-Profit Corporation, **LEGACY HEALTH,** an Oregon nonprofit corporation, **LEGACY EMANUEL HOSPITAL & HEALTH CENTER,** dba **UNITY CENTER FOR BEHAVIORAL HEALTH**, a domestic non-profit corporation**,**<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**CIVIL RIGHTS VIOLATIONS (42 U.S.C. § 1983)**<br>**AMERICANS WITH DISABILITIES ACT;**<br>**REHABILITATION ACT VIOLATIONS (42 U.S.C. § 12191 et. seq.; 29 U.S.C. § 794)**<br>**OREGON TORT CLAIMS ACT – NEGLIGENCE**<br>**(Or. Rev. Stat. § 30.260 et. seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

Plaintiff, Michelle Bolden, as legal guardian for William Derby, ("Ms. Bolden") by and through her attorney, John E. Gutbezahl, files this Complaint and Demand for Jury Trial against Columbia County, Correct Care Solutions, LLC ("CCS"), Jeff Dickerson ("Sheriff Dickerson"), Vivek Shah, MD ("Dr. Shah"), Julie Weigand ("Weigand"), Terry Kallio ("Kallio"), Columbia Community Mental Health ("CCMH"), Legacy Health, and Legacy Emanuel Hospital & Health Center, dba Unity Center for Behavioral Health, ("Legacy Emanuel") ("collectively Defendants") for Civil Rights Violations (42 U.S.C. § 1983), Americans With Disabilities Act; Rehabilitation Act Violations (42 U.S.C. § 12191 et. seq.; 29 U.S.C. § 794) Oregon Tort Claims Act – Negligence (Or. Rev. Stat. § 30.260 et. seq.) and related State claims. Ms. Bolden alleges on information and belief as follows:

## NATURE OF THE CASE

1. This is a case about the inhumane treatment of mentally ill inmates in the Columbia County Jail ("The Jail") administered by the Columbia County Sheriff ("the Sheriff"). Despite the widespread understanding that mentally ill people make up a substantial portion of its inmate population, neither Columbia County nor the Columbia County Sheriff established adequate systems and policies to provide for the basic welfare of mentally ill inmates. As a result, mentally ill inmates are denied humane treatment because of their mental illness. They do not receive adequate food, water, nutrition, basic hygiene, medication, access to programming, or access to outside visits.

Columbia County and the Columbia County Sheriff also failed to adequately provide mental health care to inmates at the Columbia County Jail ("The Jail"). The Sheriff chose to contract with Correct Care Solutions to provide medical services to inmates in The Jail. To maximize profits, Correct Care Solutions chose not to provide adequate mental health services.

Page - 2  COMPLAINT

Columbia County and the Columbia County Sheriff failed to properly train corrections deputies how to interact with and attend to mentally ill inmates. The result is that mentally ill inmates are punished for behaviors which are nothing more than symptoms of mental illness. These punishments include the use of tasers, stun shields, and even dog bites. For these reasons mentally ill inmates, including Mr. Derby, are subjected to conditions which amount to torture.

Michelle Bolden is the biological sister and guardian of William Derby, a mentally ill inmate once housed at the Columbia County Jail. During his second to last incarceration Mr. Derby entered as a functional person who could walk and talk and converse with others. Mr. Derby left The Jail and was sent to Unity Center for Behavorial Health. Mr. Derby was released to the streets and committed the offense of Attempted Murder and Assault in the First Degree on April 16, 2018. Mr. Derby took a knife to the throat of his mother, who has recovered. Mr. Derby committed the offenses when he was operating under a mental disease or defect. Mr. Derby entered the Columbia County Jail in a catatonic psychosis, a result of severe mental health neglect systemic at the Columbia County Jail. Mr. Derby was continued to subsequent severe mental health neglect by the Columbia County Jail and attempted suicide by the use of a razor provided by the Columbia County Jail. Columbia County fought every effort to have Mr. Derby sent to the Oregon State Hospital. Once ordered to do so, Mr. Derby was sent to the Oregon State Hospital where he was properly treated and medicated. Once sent back to the Columbia County Jail his condition immediately began to deteriorate. Further efforts to have him sent back to the Oregon State Hospital were fought by Columbia County. On October 31, 2017, Mr. Derby entered a plea of Guilty Except for Insanity to the charge of Assault in the Second Degree.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Ms. Bolden's claims of violation of federal constitutional rights pursuant to 28 U.S.C. §§ 1331(a) and 1343 because the causes of

action arise under 42 U.S.C. § 1983.  This Court has subject matter jurisdiction over Ms. Bolden's claims of violation of the Americans with Disabilities Act because the causes of action arise under that Act.  This Court has jurisdiction over Ms. Bolden's pendent state law claims under 28 U.S.C. § 1367.

3. Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Ms. Bolden's claims occurred in the District of Oregon and because Defendants are subject to personal jurisdiction in the District of Oregon.

## PROCEDURAL REQUIREMENTS

4. All administrative prerequisites to filing this action have been timely filed.

## PARTIES

5. At all material times, plaintiff Michelle Bolden was a Washington resident.  She is the biological sister of William Derby.  On October 16, 2017, the Honorable Ted E. Grove appointed Ms. Bolden as the legal guardian for Mr. Derby based on Mr. Derby's lack of competence due to his mental illness.

6. At all material times, defendant Columbia County was the Oregon public agency who owns and operates The Jail, and employs the people who work there.  Columbia County contracted with Correct Care Solutions to provide medical services at The Jail.

7. At all material times, Correct Care Solutions ("CCS") was a Tennessee based for-profit corporation.  CCS contracts with jails and prisons to provide medical services within institutions.  CCS contracted with Columbia County to provide medical services at the Columbia County Jail.

8. At all material times, defendant Jeff Dickerson was the sheriff of Columbia County.  In that role, he was the person in charge of operating The Jail.  He had a non-delegable duty to provide for the basic medical care of inmates at The Jail.  He is sued in his official capacity.

9. At all material times, defendant Vivek Shah, MD, was the medical director for CCS covering the Columbia County Jail. As medical director, Dr. Shah was the doctor ultimately responsible for the provision of medical care to inmates at The Jail. He is sued in his official capacity.

10. At all material times, defendant Julie Weigand was the behavioral health manager for CCS covering the Columbia County Jail. As behavior health manager, Ms. Weigand was the mental health professional responsible for ensuring that inmates of the Columbia County Jail received adequate mental health care. She is sued in her official capacity.

11. At all material times, defendant Terry Kallio was the nurse employed by CCS working full time in the Columbia County Jail. In that role, Ms. Kallio was the person on the ground responsible for providing medical care to inmates at The Jail. She is sued in her official capacity.

12. At all times material hereto, defendants Legacy Health and Legacy Emanuel Hospital & Health Center ("Legacy Emanuel"), dba Unity Center for Behavioral Health, were domestic non-profit corporations organized under the laws of the State of Oregon, and with their headquarters and principal places of business located in Multnomah County, State of Oregon. defendant Legacy Emanuel is part of a network of affiliated hospitals owned, organized and/or managed by defendant Legacy Health.

## FACTUAL ALLEGATIONS

13. Mr. Derby is well known to law enforcement in Columbia County and the staff of the Columbia County Jail. He has been arrested many times for violent and petty crimes likely related to his mental illness. His jail medical records, held by The Jail and Columbia County Sheriff's Office ("CCSO"), and accessible by any of their employees, repeatedly document his serious mental illness and known necessary prescription medications to treat his mental illness. Mr. Derby was held in the Columbia County Jail and was released to Unity Center for Behavioral Health ("Unity") on a five day mental health "hold." Unity failed to adequately diagnose and treat Mr. Derby and released him to the streets after only two days without having monitored the safety and effectiveness of his new mental health medication. Once Mr. Derby

was arrested (April 17 2017) for the attempted murder of his mother, it was evident that Mr. Derby's significant mental health issues had increased, both by the nature of the crime and his behavior at The Jail.  There was no mental health intervention offered by Columbia County or the other Defendants.  Defendant Columbia Community Mental Health was made aware of Mr. Derby's condition and failed to intervene and treat Mr. Derby.

14. While in the custody, Mr. Derby attempted to commit suicide by cutting his neck and throat with a razor that had been provided by the Columbia County Sheriff's Office. Defendants failed to notify Mr. Derby's family, the courts, or his attorney of this suicide attempt. Defendants placed Mr. Derby in a suicide jacket (padded covering) and placed him in isolation. No attempt was made to place Mr. Derby in a psychiatric facility.

15. Mr. Derby's mental health began to deteriorate until he was treated and medicated by the Oregon State Hospital pursuant to a court order forcing Defendants to have Mr. Derby sent to the Oregon State Hospital.  Upon his return to the Columbia County Jail, his mental health began to deteriorate again.

16. At no time did Defendants attempt to have psychiatric intervention by Columbia Community Mental Health or any other facility.  Defendants had to be forced by the courts to provide any mental health treatment to Mr. Derby.  The Jail's approach with Mr. Derby, and all other inmates suffering from severe mental illness, is to hold them in F-Pod.  If the inmate does not immediately respond when a jail deputy delivers food, medication, comes to transport for a visit, or comes to allow the inmate out of their cell, the deputy considers that a "refusal" and the access to these basic necessities of life is denied.  There is no accommodation or consideration given to the fact that the person may be unable to respond in the way required as a direct result of their mental illness.

17. This culture and lack of adequate training is further evidenced by The Jail's pattern of physically abusing mentally ill inmates who do not immediate comply with commands by using tasers, stun shields, physical blows, and even dog attacks.  Ms. Bolden is currently unable to determine whether Mr. Derby was directly physically abused by jail staff, because his

mental illness prevents him from discussing his incarceration, but on information and belief that Mr. Derby was physically and mentally abused.

18. Columbia Community Mental Health made no efforts to visit Mr. Derby in custody let alone treat Mr. Derby.

## FIRST CLAIM FOR RELIEF

### (42 U.S.C. § 1983 – Eighth And Fourteenth Amendments – Cruel And Unusual Punishment)

### (Against All Defendants)

19. During the period of Mr. Derby's incarceration from April 16, 2017 to October 31, 2017, Mr. Derby was a pretrial detainee. As such, his right to humane treatment derives from different constitutional sources, but is functionally indistinguishable. Defendants violated his rights in four distinct ways.

**I.  Count 1: Deliberate Indifference to Serious Medical Need – Individual Medical Providers: Defendants Dr. Shah and Ms. Kallio; Defendants Legacy Health, Legacy Emanuel Hospital & Health Center, dba Unity Center for Behavioral Health, and Columbia Community Mental Health**

20. Mr. Derby suffers from a severe psychiatric disability which is a serious medical need.

21. Defendants were aware of Mr. Derby's serious medical need.

22. Defendants failed to do anything to address Mr. Derby's serious medical need.

23. As a result of Defendants' failure to do anything to address Mr. Derby's serious medical need, Mr. Derby suffered severe emotional distress, his physical health declined precipitously, and his mental health was severely and permanently impaired.

**II.  Count 2: Deliberate Indifference to Serious Medical Need -- Sheriff Jeff Dickerson**

24. Sheriff Dickerson has the non-delegable duty to ensure that inmates of the Columbia County Jail receive adequate medical care.

25. Sheriff Dickerson failed to ensure that any of his direct employees or Correct Care provided adequate medical care to inmates' mental health needs including Mr. Derby's mental health needs.

26.     Sheriff Dickerson failed to prevent Mr. Derby from having access to a dangerous weapon.

**III.    Count 3: Deliberate Indifference to Serious Medical Need – Supervisor Liability and Monell Liability: All Defendants Except Defendant Kallio**

27.     All Defendants are aware of the fact that people with serious mental illnesses make up a substantial portion of local jail inmates.

28.     All Defendants are aware of the fact that people with serious mental illnesses will often deny that they suffer from any mental illness.

29.     All defendants are aware of the fact that people with serious mental illnesses will sometimes refuse to accept necessary medication to treat their illnesses.

30.     All defendants are aware of the fact that people with psychotic disorders whose symptoms are not being controlled by anti-psychotic medications will not act rationally, will sometimes become unable to care for themselves, and will sometimes harm themselves or other people.

31.     Defendants collectively decided not to implement a mental health screening instrument upon intake into The Jail that includes a review of available medical records in order to identify new inmates with serious medical/mental health needs that must be addressed.

32.     Defendants collectively decided not to have procedures for the administration of necessary anti-psychotic medications that account for the fact that someone suffering from these diseases may offer some resistance to medication.

33.     Defendants collectively decided not to have qualified mental health professionals on staff at The Jail who could counsel inmates with serious mental health needs about the dangers of not taking medication and their options with respect to medication side effects.

34.     CCS Defendants made the decisions referenced above in order to maximize their profits.

35.     County Defendants made the decisions referenced above in order to minimize their costs.

36. The decisions referenced above created a serious danger that inmates suffering from serious mental illnesses would suffer severe emotional trauma, severe physical health impairment, and death. All Defendants were aware of this danger and chose to ignore it.

37. As a direct result of those decisions, Mr. Derby suffered severe emotional trauma and adverse effects to his physical health. The effects to his mental health are likely permanent.

### IV. Count 4: Deliberate Indifference To Basic Needs – Against Defendants Columbia County and Sheriff Jeff Dickerson

38. All inmates have a right to basic hygiene, food, and exercise. That right can only be limited to serve legitimate institutional needs.

39. All inmates have a right to be free from physical abuse that does not serve a legitimate institutional need.

40. Columbia County has a policy of placing severely mentally ill inmates in isolation where they are deprived of basic access to hygiene, food, and exercise. Sheriff Dickerson is the person responsible for implementing this policy.

41. Sheriff Dickerson is the person responsible for training jail deputies so that they have a basic understanding of mental illness and will not punish mentally ill inmates for their symptoms. Sheriff Dickerson did not do this.

42. Columbia County has a policy of punishing severely mentally ill people who exhibit symptoms they cannot control. They are punished first by being placed in isolation cells, and then further punished with physical abuse when they exhibit symptoms in isolation. This includes the use of tasers, stun shields, and dogs. Sheriff Dickerson is the person responsible for implementing this policy.

43. Columbia County and Sheriff Dickerson failed to prevent Mr. Derby from having a dangerous weapon that was used to attempt suicide.

44. As a direct result of Defendants' actions, Mr. Derby was deprived of the basic necessities of life. No legitimate institutional need was served by this. Mr. Derby suffered severe emotional trauma and his physical health suffered. The damage to his mental health is likely permanent.

## ALL COUNTS

45. Ms. Bolden as legal guardian of Mr. Derby is entitled to economic and non-economic damages in an amount to be determined at trial and for Ms. Bolden's attorney fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF
## (42 U.S.C. § 12191 et. seq.; 29 U.S.C. § 794 – ADA and Rehabilitation Act Violations)
## (Against Columbia County Only)

46. Columbia County is the recipient of federal funds and is therefore covered by Section 504's mandate, which requires recipients of federal monies to reasonably accommodate persons with disabilities in their facilities, program activities, and services, and reasonably modify such facilities, services, and programs to accomplish this purpose.

47. Columbia County, the Columbia County Sheriff's Office, and the Columbia County Jail are all public entities within the meaning of Title II of the ADA, and provide programs, services, or activities to the general public.  Title II of the ADA has essentially the same mandate as Section 504.

48. At all times relevant to this action, Mr. Derby was a qualified individual within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of the Columbia County Jail.  Specifically, Mr. Derby suffered from a mental impairment that "substantially limits one or more major life activities," including but not limited to "learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102.

49. The Columbia County Jail provides housing, medical and mental health treatment, and work and educational programs to inmates, which comprise programs and services for Section 504 and Title II purposes.

50. Columbia County knew, or should have known, that Mr. Derby suffered from a serious mental illness.

51. Columbia County was deliberately indifferent in failing to provide Mr. Derby with reasonable accommodations and other services related to his disability, and denied him the rights and benefits accorded to other inmates, solely by reason of his disability, in violation of the ADA in the following particulars:

    a. The ADA requires that mentally ill inmates have access to adequate mental health care. Columbia County failed to provide basic medical and mental health care to Mr. Derby. Its policy of relying on the inmate to identify their own health issues fails to accommodate inmates with mental health problems that prevent them from identifying those issues.

    b. The ADA prohibits punishing inmates solely by reason of their disability. Columbia County punished Mr. Derby by putting him in restrictive housing, denying his access to basic needs, denying his access to social visiting, and denying his companionship of fellow inmates solely by reason of his disability.

    c. The ADA requires that mentally ill inmates have access to jail programs, work, and educational opportunities. Columbia County denied Mr. Derby access to jail programs, work, and educational opportunities.

52. Columbia County failed to enforce appropriate policies and procedures to ensure the provision of necessary accommodations, modifications, and/or services to inmates with serious mental illnesses.

53. Columbia County failed to train and supervise jail staff to provide necessary accommodations, modifications, services and/or physical access to inmates with serious mental illnesses.

54. As a direct and proximate result of Columbia County's foregoing wrongful acts, Columbia County discriminated against Mr. Derby on the basis of his disability in violation of the Americans with Disabilities Act and Rehabilitation Act, causing him to suffer severe emotional trauma, physical health effects, and permanent damage to his mental health.

55. Accordingly, Ms. Bolden is entitled to economic and non-economic damages in an amount to be determined at trial and for an award of attorney fees and costs pursuant to 42 U.S.C. § 12205.

## THIRD CLAIM FOR RELIEF

### (Or. Rev. Stat. § 30.260 Et. Seq. – Oregon Tort Claims Act -- Negligence)

### (Against All Defendants)

56. Defendants were negligent in failing to:

    a.    Assess Mr. Derby's mental health needs;

    b.    Treat Mr. Derby's mental health needs; and

    c.    Prevent Mr. Derby from having access to a dangerous weapon (razor).

57. As a direct and proximate cause of defendants' negligence, Mr. Derby suffered severe emotional trauma, physical health effects, and permanent damage to his mental health.

58. Accordingly, Ms. Bolden is entitled to economic and non-economic damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

59. Ms. Bolden demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Bolden prays for judgment against all Defendants as follows:

1. For economic, noneconomic, and punitive damage in an amount to be proven at trial;

2. For costs of suit and reasonable attorney fees, costs, and expert witness fees pursuant to 42 U.S.C. §§ 1988 and 12205;

3. For pre-judgment and post-judgment interest, as appropriate, on all amounts due to Ms. Bolden as a result of this action; and

4. For such other relief as the Court may deem just.

Dated this 15th day of April, 2019.

JOHN E. GUTBEZAHL LLC

By: *s/ John E. Gutbezahl*

John E. Gutbezahl, OSB No. 940845
gutbezahl@me.com
503.594.1919

*Attorney for Plaintiff*